UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CHARDON BENNETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:23-CV-138-TAV-SKL |
| | ) |
| JACKIE MATHENY, JR., | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM OPINION**

While he was a pretrial detainee, Petitioner filed an original and a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] alleging claims for (1) violation of his rights to a speedy trial under federal law and the Interstate Agreement on Detainers ("IAD"), (2) violation of his Fourteenth Amendment rights based on the state's intent take him to trial despite a detective being corrupt and the IAD speedy trial violation, and (3) claims arising out of the conditions of his confinement[2] [Doc. 1, pp. 5–10; Doc. 8, pp.

---

[1] While Petitioner filed his original petition under § 2254, as Petitioner was a pretrial detainee when he filed that petition [Doc. 1], the Court construed it to seek relief under 28 U.S.C. § 2241, which is the path down which "pretrial detainees must travel" to obtain habeas corpus relief. *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (citation omitted) [Doc. 5, pp. 1–2].

[2] Petitioner's first and second petitions are redundant and somewhat ambiguous [Doc. 1, pp. 5–10; Doc. 8, pp. 5–10]. Specifically, in his first petition, Petitioner first sets forth a claim alleging violation of his rights to a speedy trial under the Sixth Amendment and the IAD [Doc. 1, p. 5]. He then sets forth a claim purportedly based on the IAD in which he also refers to the conditions of his confinement [*Id.* at 6–7] before setting forth claims titled "14th Amendment" and "Abuse of office by state or local officers," in both of which he attacks the credibility of a detective and the state's decision to pursue charges against him despite the alleged corruption of the detective and a violation of an IAD right [*Id.* at 8, 10].

Then, in his second petition, Petitioner sets forth three substantively similar claims arising out of his rights to a speedy trial under the IAD and federal law [Doc 8, pp. 5–8]. In his second

5–10]. Now before the Court is Respondent's motion to dismiss the petition as moot [Doc. 18], in support of which he filed records from Petitioner's underlying state court criminal proceedings demonstrating that after Petitioner filed the instant action, he pled guilty to the charges against him for which he seeks § 2241 relief [Docs. 18-1–18-6]. Petitioner did not file a response to this motion, and his time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a). Thus, Petitioner waived any opposition to this motion. *See* E.D. Tenn. LR 7.2.

For the reasons set forth below, the Court will dismiss Petitioner's claims arising out of the evidence against him and the conditions of his confinement as noncognizable, and Respondent's motion to dismiss [Doc. 18] will be **GRANTED** as to Petitioner's speedy trial claims.

I.     **NONCOGNIZABLE CLAIMS**

First, Petitioner's claims arising out of his assertions that the state planned to prosecute him despite the speedy trial IAD violation and a corrupt detective are improper

---

and third speedy trial claims in this petition, he also makes allegations about information he received from attorneys and the state court about the speedy trial issue [*Id.* at 6–8]. Petitioner then sets forth allegations regarding his lack of knowledge about the IAD, in support of which he cites *Norton v. Parke*, 892 F.2d 476 (6th Cir. 1989), under a separate claim [*Id.* at 10].

Liberally construing the petitions together and in Petitioner's favor, the Court finds that Petitioner asserts claims for habeas corpus relief arising out of (1) violation of his rights to a speedy trial under federal law and the IAD, (2) violation of his Fourteenth Amendment rights based on the state's intent to prosecute him despite a corrupt detective and the IAD speedy trial violation, and (3) claims arising out of the conditions of his confinement. The Court construes Petitioner's allegations regarding information he received from the court and/or attorneys regarding the speedy trial issues as an attempt to excuse his failure to first exhaust his state court remedies for his claims under *Norton*. *Id.* at 480–81 (holding that strict compliance with the IAD is necessary and noting one exception where the failure to comply is based solely the fault of the custodial state). However, as the Court will dismiss Petitioner's claims on grounds unrelated to exhaustion, the Court will not reach these allegations.

attempts to derail his pending state court criminal proceeding "by litigating a . . . defense to a prosecution prior to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citations omitted); *see also Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (providing that while federal courts have "jurisdiction . . . to consider pretrial habeas corpus petitions, they should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.").

Additionally, Petitioner's complaints about the conditions of his confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980). Thus, such claims "fall outside of the cognizable core of habeas corpus relief" and fall under 42 U.S.C. § 1983. *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006); *Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996).

Accordingly, these claims are **DISMISSED**.

## II. MOOT CLAIM

As set forth above, Respondent has filed a motion to dismiss the petition as moot in light of Petitioner's guilty pleas in the criminal proceedings underlying his petition [Doc. 18]. The United States Constitution provides that a federal court has jurisdiction only over actual "cases" or "controversies." U.S. Const. art. III, § 2. When a case no longer presents "'live'" issues, or the parties do not have "'a legally cognizable interest in the outcome,'" it is moot. *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008)

3

(quoting *L.A. Cnty. v. Davis*, 440 U.S. 625, 631 (1979)). In other words, mootness asks if there is a justiciable controversy throughout the lawsuit. *Sumpter v. Wayne Cnty.*, 868 F.3d 473, 490 (6th Cir. 2017); *see also In re: 2016 Primary Election*, 836 F.3d 584, 588 (6th Cir. 2016) ("[Mootness] is akin to saying that although an actual case or controversy once existed, changed circumstances have intervened to destroy standing" (quoting *Allen v. Mansour*, 928 F.2d 404, at *1 (6th Cir. 1991))).

The record establishes that, after he filed the instant § 2241 petitions, Petitioner pled guilty to and was convicted of the charges underlying those petitions [Doc. 1; Doc. 8; Docs. 18-1–18-4]. Thus, Petitioner's speedy trial claims are moot. *Contreras v. Bouchard*, No. 23-cv-10703, 2023 WL 7924708, at *2 (E.D. Mich. Nov. 16, 2023) (collecting cases) (citations omitted). Accordingly, Respondent's motion to dismiss the petition as moot [Doc. 18] is **GRANTED** to the extent that Petitioner's speedy trial claims are **DISMISSED**.

### III. CERTIFICATE OF APPEALABILITY

The Court must now consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas corpus proceeding only if he is issued a COA, and a COA may issue only where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As jurists of reason would not find debatable the Court's procedural rulings that (1) Petitioner's claims regarding the evidence against him and the conditions of his confinement are not cognizable; and (2) Petitioner's speedy trial claims are moot, a COA will not issue.

## V. CONCLUSION

For the reasons set forth above:

1. Petitioner's claims arising out of the evidence against him and the conditions of his confinement are **DISMISSED** as noncognizable;

2. Respondent's motion to dismiss this action [Doc. 18] is **GRANTED** to the extent that Petitioner's speedy trial claims are **DISMISSED as moot**;

3. Accordingly, this action will be **DISMISSED** because all of Petitioner's claims are noncognizable or moot;

4. A COA will not issue; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE